Stanley L. **BAER**, Petitioner—
Appellant,

v.

C.A. **TERHUNE**, Warden,
Respondent—
Appellee.

No. 00–56822.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 2003.

Decided March 25, 2003.

Before: PREGERSON, REINHARDT, and ARCHER,* Circuit Judges.

MEMORANDUM **

I.

Stanley Baer killed his wife Lori on October 21, 1995; the primary issue at trial was his mental state at the time and consequent criminal liability.[1] Baer testified that he had taken nine or ten Vicodin pills through the course of the night and morning before the homicide, and contended that he was under the influence of the Vicodin when he crushed his wife's neck with a "sleeper hold." The jury verdict, second-degree murder, was affirmed on direct appeal and in state post-conviction proceedings. Baer now appeals the federal district court's denial of his habeas corpus petition, alleging that he is entitled to relief on two grounds. First, Baer claims that he was deprived of due process by the trial court's failure to give instructions on involuntary intoxication and on involuntary manslaughter due to unconsciousness as a result of involuntary intoxication. Second, Baer claims that his trial counsel, Randolph Wright, was constitutionally ineffective for failing to ensure that these instruc-

tions were given. The Anti–Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254, et al. is applicable to Baer's petition.

II.

A. Certificate of Appealability

The district court first granted a certificate of appealability (COA) as to all claims except for the claim of ineffective assistance (IAC) for failing to ensure that an involuntary intoxication instruction was given. After Baer's notice of appeal, the district court then granted a second COA on all issues except for the claim that Baer was denied due process by the trial court's failure to issue the instruction itself. No explanation was given for the modification. Baer then filed an untimely motion with this court, requesting that the COA be expanded to include all issues in the petition; the motions panel denied, on the merits, his request to expand the COA.

▪ We need not decide which COA was the valid COA issuing from the district court, because we grant Baer's motion to expand the COA to include all issues raised in the petition. Although Circuit Rule 22–1(d) establishes that motions to expand a district court's partial COA are to be filed within thirty-five days of the district court's entry of its order, this rule is not jurisdictional. Because the motions panel of this court decided the motion on the merits, we will do likewise; moreover, as a merits panel, we may respond to the request in Petitioner–Appellant's brief and "expand the issues for review to include issues that the motions panel specifically rejected." *Hiivala v. Wood,* 195 F.3d 1098, 1104 (9th Cir.1999).

* The Honorable Glenn L. Archer, Jr., Senior Circuit Judge, United States Court of Appeals for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are acquainted with the facts and procedural history of this case, we repeat only an abbreviated summary here.

We determine that both Petitioner–Appellant's claim of due process and his claim of ineffective assistance amount to "a substantial showing of the denial of a constitutional right," the "relatively low" standard articulated in *Slack v. McDaniel*, 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir.2002). We therefore issue a COA on the issues raised by Baer's petition but not included in the district court's COA. Accordingly, the appeal embraces all the constitutional issues before the district court.

## B. *Due Process Claim*

■ We need not decide whether the trial court's refusal to issue Baer's requested instructions was based on a clearly unreasonable determination of the facts, or whether the failure to give the instructions was contrary to or an unreasonable application of clearly established federal law, because we find that any trial court error cognizable in the habeas corpus petition was harmless.

Baer was convicted of second-degree murder, which necessarily requires a finding of malice. The jury was instructed that a finding of intoxication could rebut the mental state necessary to convict of second-degree murder; they were further instructed that if Baer did not act with the requisite mental state for second-degree murder, they should convict of, at most, involuntary manslaughter.

Because the jury convicted Baer of second-degree murder, and not involuntary manslaughter, it is clear that the jury found that Baer made a deliberate choice to disregard the danger in acting as he did. The jury evidently did not believe that Baer was so intoxicated by the Vicodin that he did not act with malice. The jury instructions that Baer asserts were improperly omitted could only have impacted the verdict if the jury believed that Baer's intoxication prevented a deliberate choice; because, by finding malice, the jury rejected this pivotal element, none of the jury instructions that Baer now seeks could have resulted in a different verdict. Therefore, any error was harmless.

## C. *Ineffective Assistance of Counsel Claim*

■ In light of our determination that the result of the proceedings would not have been different even if the instructions at issue had been offered, we need not decide if the performance of Baer's trial counsel fell below an objective standard of reasonableness. Baer has not shown the prejudice necessary to find that his counsel provided constitutionally ineffective assistance under *Strickland v. Washington*, 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The district court's decision is therefore **AFFIRMED.**